**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHILIP BUTLER, in his personal
capacity,

        Petitioner-Appellant,

v.

JAMES BUTIERRES, in his personal
capacity,

        Respondent-Appellee.

No. 06-1407
(D. of Colo.)
(D.C. No. 06-B-518(MEH))

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES** Circuit Judges.[**]

Philip Butler appeals the district court's dismissal with prejudice of his 42
U.S.C. § 1983 claim for failure to follow an earlier court order regarding Butler's
*in forma pauperis* payment plan. Since there was no showing Butler willfully
violated the order, we VACATE the dismissal and REMAND for reconsideration.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Philip Butler was granted leave to proceed *in forma pauperis* on a § 1983 claim in March of 2006. A payment plan was established per 28 U.S.C. § 1915(b). The court explained it would dismiss the action without prejudice if the prisoner failed to make his monthly payment or failed to show cause as to why he could not pay.[1]

After Butler failed to make monthly payments for May and June on his present claim and failed to show cause for the missing payments, a second court order issued on July 13, 2006 directed Butler "by the 15th day of each month hereafter" to either (1) make the required monthly payment, or (2) file a certified copy of his inmate trust fund account statement demonstrating why he need not make payment under 28 U.S.C. § 1915(b)(2). Doc. 18 at 2. The court warned that failure to comply with the order could lead to dismissal of his case without further notice.

On August 10, 2006, the magistrate judge who issued the July 13 order recommended dismissing Butler's claim with prejudice for failure to comply. The magistrate judge explained the July order required payment from Butler or a show of cause "by the 15th day of each month (which would include the month of July)" and Butler had not complied for the month of July. Doc. 30 at 1. The

---

[1] It further noted that it could dismiss the action if Butler failed to stay current with his payment obligations in any prior actions.

district court accepted the magistrate judge's recommendation and dismissed the action with prejudice. Butler subsequently complied with the order for the month of August. The district court held that Butler had not shown "the existence of a reasoned, nonfrivolous argument . . . in support of the issues raised on appeal" and denied Butler's Motion for Leave to Proceed on Appeal *in forma pauperis* pursuant to Federal Rule of Appellate Procedure Rule 24. Doc. 39. Butler renews his *in forma pauperis* motion to this court and appeals the lower court dismissal of his claim with prejudice.

## II. Discussion

Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). It does not appear the district court considered whether the July order's language requiring payment or a show of cause "by the 15th day of each month hereafter" includes the month of July as the magistrate judge claimed. If the plain language of the order did not include the month of July or was ambiguous as to July's inclusion, Butler did not willfully violate the order. In addition, it is unclear from the record whether Butler received the order in time to comply with the July 15 deadline, even if the order included July. We remand this issue for the district court to consider whether dismissal *with* prejudice was warranted.

Butler further challenges the legality of the July order, contending it conflicts with 28 U.S.C. § 1915(b)(2). The district court considered and rejected Butler's argument. We agree with the district court. Butler argued § 1915(b)(2)'s command that the agency holding a prisoner forward the prisoner's *in forma pauperis* payments conflicted with the order requiring Butler, the prisoner, to make payment or show cause.[2] But § 1915(b)(2) also clearly states "the prisoner shall be required to make monthly payments . . . credited to the prisoner's account." The magistrate judge did not err in requiring the prisoner to make sure his fees were paid or to explain why they were not paid. If the Colorado Department of Corrections where he is held is refusing to forward the payments, Butler may offer that refusal as cause for failure to pay—thereby complying with the order.

### III. Conclusion

Appellant's request for leave to proceed on appeal without the prepayment of fees under 28 U.S.C. § 1915 is GRANTED. An assessment order has already been entered under § 1915(b) directing Philip Butler to make partial payments toward the filing fee. We remind Butler of his obligation to continue making

---

[2]"After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2).

partial payments of the appellate filing fee pursuant to 28 U.S.C. § 1915(b), in addition to his partial payments for his § 1983 action below, until the entire fee is paid. We VACATE the dismissal with prejudice and REMAND for consideration by the district court whether Butler willfully violated the plain language of the July order and whether dismissal with prejudice was appropriate.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge
